**EXHIBITS**                                                                    **Page No.**

Exhibit 1:    Complaint                                                          1-10

Exhibit 2:    Summons                                                            11

Exhibit 3:    Civil Case Cover Sheet                                             12

Exhibit 4:    Notice of Case Assignment and Case Management Conference           13

Exhibit 5:    Notice of Eligibility to eFile and Assignment to Imaging Dept.     14

Exhibit 6:    Notice of Hearing                                                  15

Exhibit 7:    Alternative Dispute Resolution (ADR) Information                   17

Exhibit 8:    Stipulation to Use Alternative Dispute Resolution (ADR)            19

Exhibit 9:    Notice of Confirmation of Electronic Filing                        20

# Exhibit 1

| | |
|---|---|
| 1 | **Jeffrey R. Menard, Esq. SBN 248508** |
| | 350 Tenth Ave. |
| 2 | STE 1000 |
| | San Diego, CA 92101 |
| 3 | Telephone: (858) 869-9529 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/17/2013** at 09:33:21 AM

Clerk of the Superior Court
By Janet Krigbaum, Deputy Clerk

4
Attorney for Plaintiffs,
5   FRANK ANTONIO CORONA

6

7           **SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO**

8                                   **CENTRAL DIVISION**

9

| | | |
|---|---|---|
| 10 | FRANK ANTONIO CORONA , | Case No.:    37-2013-00049061-CU-NP-CTL |
| 11 | PLAINTIFF, | **COMPLAINT FOR VIOLATIONS OF** |
| 12 | v. | **THE FAIR DEBT COLLECTION** |
| | | **PRACTICES ACT (15 USC 1692 ET** |
| 13 | MRS BPO, LLC (AKA MRS ASSOCIATES). | **SEQ.); VIOLATIONS OF THE** |
| | and Does 1 through 100 | **ROSENTHAL FAIR DEBT** |
| 14 | | **COLLECTION PRACTICES ACT (CCC** |
| 15 | DEFENDANTS. | **SECTION 1788-1788.33); VIOLATIONS** |
| | | **OF THE TELEPHONE CONSUMER** |
| 16 | | **PROTECTION ACT (47 U.S.C. §227 ET** |
| 17 | | **SEQ.); AND INTRSION** |
| 18 | | **Demand for Jury Trial** |

19

20          COMES NOW PLAINTIFF who seeks damages against the Defendants, and each of

21   them as follows:

22                                          **I**

23                              **GENERAL ALLEGATIONS**

24   1. This action arises out of Defendants' repeated violations of the Fair Debt Collection

25
26      Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection

27      Practices Act (CCC § 1788-1788.32), the Telephone Consumer Protection Act ("TCPA")

28      and Intrusion.

2. The legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Frank Antonio Corona, individually, (hereinafter "Plaintiff"), brings this action to challenge the actions of MRS BPO, LLC (Hereinafter "MRS"), a business entity form unknown, and Does 1 through 100, (hereinafter "Defendants"), with regard to attempts by Defendants, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendants named in this caption.

5. Plaintiff is a natural person who resides in the County of San Diego, State of California and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

7. Plaintiff is informed and believes that Defendant MRS, a business entity form unknown, is a company operating and licensed to and doing business in the City of San Diego, County of San Diego County, State of California.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 100, inclusive, are unknown to Plaintiff and Plaintiff therefore sue said defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to show their true names and/or capacities when the same have been ascertained. Plaintiff is informed, believes and thereupon alleges that each of the Doe defendants is, in some manner, legally responsible for the events and happenings herein set forth and which proximately caused the injury and damages to Plaintiff as herein alleged.

9. Plaintiff is informed and believes, and thereon alleges, that MRS, and DOES 1 through 100 (together "Defendants") are entities that use instrumentalites of interstate commerce or the mails for business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c).

10. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are an entity who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

Case 3:13-cv-01511-WQH-RBB Document 1-1 Filed 06/30/13 PageID.9 Page 6 of 31

11. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural people by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(f).

12. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

13. The Plaintiff has documented no less than 21 phone calls to his cellular phone by DEFENDANTS.

14. DEFENDANTS willfully and knowingly made no less than 21 total phone calls to PLAINTIFF, Frank Corona's cellular phone using an automatic phone dialer system.

15. DEFENDANTS do not have PLAINTIFF's express consent to call his cellular phone using and automatic phone dialer system.

16. PLAINTIFF, Frank Antonio Corona, answered DEFENDANTS phone calls on 10/2/2012, 10/17/2012, 10/27/2012 and 1/23/2013. On each occasion, PLAINTIFF notified DEFENDANTS not to call him and that they did not have his consent to call his cellular phone.

17. The collection communications made by MRS and their employees and agents to Plaintiff were false, deceptive, harassing, oppressive, and abusive communications in violation of numerous and multiple provisions of the FDCPA and RFDCPA, including but not to limited to violated 15 U.S.C Section 1692 d, 1692 d(5), 1692 c(c), 1692 e, and 1692(f) and California Civil Code Section 1788.17 by violating the above mentioned codes.

Complaint
Corona v. MRS, et. al. - 4

18. The acts and omissions of the individual Defendants, and the other debt collectors employed as agents by Defendants who communicated with Plaintiff as described herein, were committed within the course and scope of their employment and/or agency relationship with their principals, Defendants MRS and Does 1 to 100.

## I.

## FIRST CAUSE OF ACTION

### (Violation of the Fair Debt Collection Practices Act

### 15 U.S.C. § 1692 et seq. against Defendants MRS and Does 1 through 100)

19. Plaintiff refers to the allegations in paragraphs 1 to 18 of his complaint and incorporates those allegations herein as if set forth in full.

20. The foregoing acts and omissions of Defendants MRS and Does 1 to 100, and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

21. As a direct and proximate result of Defendant's MRS and Does 1 to 100's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

22. The conduct of Defendants, MRS and Does 1 through 100, and each of them, in engaging in the wrongful collection of a debt in the manner alleged herein is part of a pattern of practice of illegally engaging in the wrongful collection of debts. In particular, Plaintiff is informed and believes and thereon allege that Defendants, MRS

and Does 1 through 100, and each of them have a practice of engaging in and did in this particular case the following acts:

a. Calling Plaintiff after he has instructed them not to do so;

b. Contacting alleged debtors at times, places and with such frequency that they know are harassing and;

c. Making calls to Plaintiff in violation of the TCPA

## II

## SECOND CAUSE OF ACTION

### (Violation of the Rosenthal Fair Debt Collection Practices Act

### Section 1788 – 1788.32 against Defendant MRS and DOES 1 through 100)

23. Plaintiff refers to the allegations in paragraphs 1 to 22 of his complaint and incorporates those allegations herein as if set forth in full.

24. The foregoing acts and omissions of Defendants and each of them constitute numerous and multiple violations of the RFDCPA.

25. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

26. The conduct of Defendants, MRS and Does 1 through 100 and each of them, in engaging in the wrongful collection of a debt in the manner alleged herein is part of a pattern of practice of illegally engaging in the wrongful collection of debts. In particular, Plaintiff is informed and believes and thereon allege that Defendants, MRS and Does 1 through

1   100, and each of them have a practice of engaging in and did in this particular case the

2   following acts:

3       a.  Calling Plaintiff after he has instructed them not to do so;

4       b.  Contacting alleged debtors at times, places and with such frequency that they

5           know are harassing and;

6

7       c.  Making calls to Plaintiff in violation of the TCPA

8                                   III.

9                       **THIRD CAUSE OF ACTION**

10  **(VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

11  **47 U.S.C. § 227 et seq. against Defendants MRS and Does 1 through 100)**

12

13  27. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as

14      though fully stated herein.

15  28. The foregoing acts and omissions of each and every DEFENDANT constitute numerous

16      and multiple violations of the TCPA including, but not limited to, each and every one of

17      the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to each

18

19      Plaintiff.

20  29. As a result of each and every DEFENDANTS violation of the TCPA, PLAINTIFFS are

21      entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an

22      amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.: statutory

23

24      damages in an amount up to $1,500.00 for each willful or knowing violation pursuant to

25      47 U.S.C. §227 et seq.; and, reasonable attorney's fees and costs pursuant to 47 U.S.C.

26      §227 et seq. from each and every DEFENDANT herein.

27                                  IV.

28

## FOURTH CAUSE OF ACTION

### (INTRUSION against Defendants MRS and Does 1 through 100))

30. PLAINTIFFS incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. DEFENDANTS intentionally penetrated PLAINTIFFS' zone of sensory privacy surrounding them by repeatedly calling them and harassing them.

32. PLAINTIFFS had a reasonable expectation of seclusion and solitude at home and at work which is the primary place where most of these phone calls took place.

33. The 21 + phone calls in less than a year were highly offensive to PLAINTIFFS' and would be highly offensive to a reasonable person.

34. DEFENDANTS acted maliciously by repeatedly calling and harassing the PLAINTIFF, even after the PLAINTIFF instructed DEFENDANTS that DEFENDANTS did not have PLAINTIFFS permission to call his cellular phone. This conduct was intended by the DEFENDANTS to cause injury to the PLAINTIFF, and it did cause injury to the PLAINTIFF. DEFENDANTS conduct was also despicable conduct which was carried out by the DEFENDANTS with a willful and conscious disregard of the rights of the PLAINTIFF.

35. DEFENDANTS conduct was also oppressive. The repeated, harassing phone calls using abusive and aggressive tactics was despicable conduct that subjected the PLAINTIFF to cruel and unjust hardship in conscious disregard of the PLAINTIFF rights.

36. In committing the acts alleged herein, DEFENDANTS, MRS, and DOES 1 through 100, and each of them, have acted maliciously and oppressively. Each of these acts has been ratified and adopted by DEFENDANTS' officers, director and managing agents, so as to

justify an award of exemplary and/or punitive damages in an amount to be determined at the time of trial, sufficient to deter DEFENDANTS from engaging in the same conduct in the future.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants as follows:

On the First Cause of Action

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

On the Second Cause of Action;

1. An award of actual damages pursuant to California Civil Code § 1788.30 (a), from Defendants for Plaintiff

2. An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from all Defendants;

3. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant;

On the Third Cause of Action;

1. For an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;

2. For an award of statutory damages of $1,500.00 per violation pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;

1    3. For an award of costs of litigation and reasonable attorney's fees pursuant to 47 U.S.C.

2        §227 et seq. against each and every Defendant and for each Plaintiff;

3    On the Fourth Cause of Action

4        1. For an award of actual damages against each and every Defendant and for each Plaintiff;

5        2. For an award of emotional distress damages against each and every Defendant and for
6
7            each Plaintiff;

8        3. For an award of punitive damages against each and every Defendant and for each

9            Plaintiff;

10   On all Cause of Action;

11       1. For costs of suit incurred herein;
12
13       2. For such further relief as the Court deems just and proper.

14   Dated:    May 16, 2013                      By:___/s/Jeffery R. Menard
                                                 Jeffery R. Menard, attorney for Plaintiff
15

16                              **DEMAND FOR JURY TRIAL**

17
         Plaintiff hereby demands a jury trial in the above captioned matter.
18

19

20   Dated:    May 16, 2013                      By:__/s/ Jeffery R. Menard
                                                 Jeffery R. Menard, attorney for Plaintiff
21

22

23

24

25

26

27

28

# Exhibit 2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MRS BPO, LLC (AKA MRS ASSOCIATES), and Does 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRANK ANTONIO CORONA

<div style="border:1px solid">
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/17/2013** at 09:33:21 AM

Clerk of the Superior Court
By Janet Krigbaum, Deputy Clerk
</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es)* Superior Court of California,

County of San Diego, Civil Division
330 West Broadway, San Diego, CA 92101

| CASE NUMBER |
|---|
| (Número del Caso) 37-2013-00048061-CU-NP-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffery R. Menard, Esq., 350 10th Ave., STE 1000 San Diego, CA 92101, 858-240-2566

| | | |
|---|---|---|
| DATE: 05/17/2013 | Clerk, by | *J. Krigbaum* xuty |
| *(Fecha)* | *(Secretario)* _____ | J. Krigbaum unto) |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

11

Exhibit 3

*complant*

2350625

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address)*: Jeffery R. Menard (SBN 259608)<br>350 10th St.<br>Suite 1000<br>San Diego, CA 92101<br>TELEPHONE NO: 858-240-2566   FAX NO: 858-605-6170<br>ATTORNEY FOR *(Name)*: Frank Antonio Corona | FOR COURT USE ONLY<br><br>Chose<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/17/2013** at 09:33:21 AM<br><br>Clerk of the Superior Court<br>By Janet Krigbaum, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Civil

41472020 4208 4796

| CASE NAME:<br>Corona v. MRS BPO, LLC | |
|---|---|

| CIVIL CASE COVER SHEET<br>[✓] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter     [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE 37-2013-00049061-CU-NP-CTL |
|---|---|---|
| | | JUDGE    Judge Richard E. L. Strauss<br>DEPT |

Items 1–6 below must be completed (see instructions on page 2)

1. Check one box below for the case type that best describes this case:

| **Auto Tort**<br>[ ] Auto (22)<br>[ ] Uninsured motorist (46)<br><br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br><br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[✓] Other non-PI/PD/WD tort (35)<br><br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | **Contract**<br>[ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br><br>**Real Property**<br>[ ] Eminent domain/inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br><br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br><br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**<br>[ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br><br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br><br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br><br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |
|---|---|---|

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/16/2013

Jeffery R. Menard
_____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

12

# Exhibit 4

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7075 |

PLAINTIFF(S) / PETITIONER(S):   Frank Antonio Corona

DEFENDANT(S) / RESPONDENT(S):   MRS BPO LLC

CORONA VS MRS BPO LLC [IMAGED]

| | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** **and CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2013-00049061-CU-NP-CTL |

## CASE ASSIGNMENT

Judge:  Richard E. L. Strauss                                  Department: C-75

### COMPLAINT/PETITION FILED: 05/17/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/01/2013 | 10:15 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

# Exhibit 5

# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 010313 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

# Exhibit 6

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7075 | |
| PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Frank Antonio Corona | |
| DEFENDANT(S)/RESPONDENT(S): MRS BPO LLC | |
| Short Title: Corona vs MRS BPO LLC [IMAGED] | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2013-00049061-CU-NP-CTL |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 11/01/2013 | 10:15 am | C-75 | Richard E. L. Strauss |

Counsel: Check service list. If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

/5

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

---

**SHORT TITLE:** Corona vs MRS BPO LLC [IMAGED]

---

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>37-2013-00049061-CU-NP-CTL |
|---|---|

---

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 05/17/2013. The mailing occurred at Sacramento on 05/20/2013.

Clerk of the Court, by: _J. Krigbaum_               , Deputy

JEFFERY R MENARD
350 TENTH STE 1000
SAN DIEGO, CA 92101

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

/ 6

# Exhibit 7



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00049061-CU-NP-CTL   CASE TITLE:
Corona vs MRS BPO LLC [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), and**
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
• Saves time
• Saves money
• Gives parties more control over the dispute resolution process and outcome
• Preserves or improves relationships

**Potential Disadvantages**
• May take more time and money if ADR does not resolve the dispute
• Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

17

Case 3:13-cv-01511-WQH-RBB Document 1-1 Filed 06/30/13 PageID.29 Page 26 of 31

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
*   In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
*   In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

SDSC CIV-730 (Rev 12-10)     **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**     Page: 2

*18*

# Exhibit 8

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |

| STREET ADDRESS: | 330 West Broadway |
|---|---|
| MAILING ADDRESS. | 330 West Broadway |
| CITY, STATE, & ZIP CODE. | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |

PLAINTIFF(S): Frank Antonio Corona

DEFENDANT(S): MRS BPO LLC AKA Mrs Associates

SHORT TITLE: CORONA VS MRS BPO LLC [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2013-00049061-CU-NP-CTL |
|---|---|

Judge: Richard E. L. Strauss                                    Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                             ☐ Binding private arbitration

☐ Voluntary settlement conference (private)       ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                    ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                  Date: _____

Name of Plaintiff                                       Name of Defendant

Signature                                               Signature

Name of Plaintiff's Attorney                            Name of Defendant's Attorney

Signature                                               Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/17/2013                                       JUDGE OF THE SUPERIOR COURT

19

# Exhibit 9

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego CA 92101-3827<br>BRANCH NAME: Central | |
| Short Title: Corona vs MRS BPD LLC [IMAGED] | |

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2013-00049061-CU-NP-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

### Electronic Filing Summary Data

| | |
|---|---|
| Electronically Submitted By: | Jeffery Menard |
| On Behalf of: | Frank Corona |
| Transaction Number: | 130918 |
| Court Received Date: | 05/16/2013 |
| Filed Date: | 05/17/2013 |
| Filed Time: | 09:33 AM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2013-00049061-CU-NP-CTL |
| Case Title: | Corona vs MRS BPO LLC [IMAGED] |
| Location: | Central |
| Case Type: | Non-PI/PD/WD tort - Other |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

20

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Conference | Management | 11/01/2013 | 10:15 AM | Central | C-75 |

**Electronic Filing Service Provider Information**

Service Provider:   OneLegal
Email:              support@onelegal.com
Contact Person:     Customer Support
Phone:              (800) 938-8815